*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 7, 2023

Plaintiff-Appellee,

v

No. 364428
Genesee Circuit Court
LC No. 2017-042372-FC

ZICARY LAMAR CARPENTER,

Defendant-Appellant.

Before: BOONSTRA, P.J., and BORRELLO and FEENEY, JJ.

BOONSTRA, P.J. (*dissenting*).

I respectfully dissent. I would hold that the trial court sufficiently articulated its reasons for imposing out-of-guidelines and consecutive sentences in this case, and would affirm those sentences as reasonable and within the trial court's discretion.

A trial court is required to sufficiently justify the sentences imposed in order to facilitate appellate review. *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (citation omitted). The record in this case shows that the trial court spoke at length on the record at defendant's resentencing in an attempt to comply with this Court's previous remand order. The trial court found that the sentencing guidelines ranges calculated for his offenses were disproportionate to the seriousness of those offenses, and failed to take into account several aggravating factors. For example, although the majority states that the evidence that defendant participated in a separate home invasion earlier that evening was "expressly considered in assessing 10 points under Offense Variable (OV) 12" and faults the trial court for not explaining how OV 12 inadequately accounted for this conduct. the trial court did note several aggravating factors "not considered by the sentencing guidelines," including defendant's conduct in deciding to "drive around that night and randomly victimize people." The court also noted defendant's victimization of Austin Papkey earlier that night as an aggravating factor. Although the trial court did not refer to OV 12 by name, I believe the trial court adequately articulated its reasoning regarding how the previous home invasion had influenced the court's decision to sentence defendant above the guidelines range and to impose a consecutive sentence. Other factors that the trial court found had been given inadequate weight include the long-term effect the home invasion

had on Janice Ballard and other members of the neighborhood, including the fact that Janice Ballard was never able to return to the home in which she had raised her three children. I would hold that the trial court sufficiently articulated the reasoning behind the sentences imposed, and that this Court should simply engage in appellate review of those sentences rather than remand for yet more articulation. *Id*.

Further, defendant's out-of-guidelines sentences were reasonable. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' "[1] *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).

The trial court explained very clearly the factors that it concluded had not been adequately accounted for in the scoring of the sentencing guidelines, as well as its reasons for imposing the particular sentences for each of defendant's convictions, including the extent of the departures for each conviction. See *People v Warner*, 339 Mich App 125, 154; 981 NW2d 733 (2021), oral argument scheduled on app 979 NW2d 337 (2022). The trial court observed that the guidelines did not account for the significant impact of defendant's crimes on Janice Ballard, who was unable to return to the home and forced to sell it and move out of state. The court also commented on the impact of defendant's crimes on the surrounding community as a whole, including that other community members also felt compelled to sell their homes and leave the neighborhood, or purchase guns or guard dogs, or restrict their children's outdoor activities. The guidelines did not account for any of these circumstances. The trial court also explicitly considered defendant's offender status, noting that defendant had a minimal criminal history and a supportive family and did not have a history of substance abuse. In other words, the trial court explained "why the offense imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted). And it did so by considering the factors this Court has set forth as guidance for trial courts, including "(1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight." *People v Abcumby-Blair*, 335 Mich App 210, 241; 966 NW2d 437 (2020) (citation omitted).

Additionally, the trial court articulated particularized reasons for imposing a consecutive sentence under MCL 750.11a(8). *People v Baskerville*, 333 Mich App 276, 290; 963 NW2d 620 (2020). Although the majority quotes only seven sentences from the trial court, and indicates that this was the entirety of the trial court's articulation of its reasoning, it is clear from the resentencing

---

[1] As the majority notes, this reasonableness review has recently been extended to *all* sentences, although within-guidelines sentences are presumptively reasonable. *People v Posey*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162373) (opinion by BOLDEN, J.); slip op at 36; *id*. at ___ (CAVANAGH, J., concurring in part and concurring in the judgment); slip op at 1; *id*. at ___ (WELCH, J., concurring in part, dissenting in part, and concurring in the judgment); slip op at 1.

hearing transcript that the trial court made several additional statements concerning its particularized reasons for imposing a consecutive sentence. For example, the trial court stated:

> As is evident by the records that are – exist on this case, I am painfully familiar with all the details of, of this case and of Mr. Carpenter. He's before me today for resentencing. *The case was remanded back from the Court of Appeals so I can fully articulate my rationale for each consecutive sentence that I imposed at the original sentence.* The Court received and considered several letters from friends and neighbors of the victims, Al and Janice Ballard. These are record evidence. The Court gives them the same consideration today as I did in 2019. As indicated, I also have a letter from Mr. Alvin Lathan. I have that right here with me. I did review that and give that consideration as well for purposes of today.
>
> The Michigan Department of Corrections, Adult Probation, provided an updated presentence report. I have read it. *I've taken all that information contained in that into consideration.* The only updates, other than the record we made today, from the last report would be jail credit. [Emphases added.]

The trial court went on to discuss the aggravating factors discussed previously. It is clear from context that the trial court did not mechanistically divide its articulation into "reasons for out-of-guidelines sentences" and "reasons for a consecutive sentence"; rather, *all* of the trial court's statements concerned its reasoning as to why defendant's sentences were proportionate, both in their individual length and the imposition of a consecutive sentence. I believe the majority, by confining its analysis only to certain of the trial court's statements reads the trial court's statements in an overly formulaic and narrowly-focused fashion, choosing to isolate seven sentences from the trial court's articulation rather than consider *all* of the trial court's words in their context.

In any event, the majority omits any mention of the following statements made by the trial court:

> And, today, I'm looking at just Mr. Carpenter and the crimes for which he was convicted. His actions that night and early morning were egregious. He participated in a series of horrible decisions that went from bad to worse. I'm not taking into consideration any of the conduct for which he was acquitted when I imposed this sentence.

It is not clear to me why the majority feels that the above-quoted statements were not a part of the trial court's particularized reasons for imposing a consecutive sentence. But in any event, the trial court's statements reflect that it understood that it had discretion whether to impose a consecutive sentence. The court explained why it believed a consecutive sentence was appropriate in this case, and it provided "particularized reasons" for ordering defendant's sentence for first-degree home invasion to be served consecutively to his sentences for the other convictions. It is clear from the trial court's statements that it understood that it had the discretion to impose a consecutive sentence, and that it found that such a sentence was appropriate in this case because of the egregious, callous, and brazen nature of defendant's actions, and the extreme impact of defendant's crimes on the victim and the surrounding community. Reading all of the trial court's statements

as a whole, I would hold that the trial court did not abuse its discretion by imposing a consecutive sentence. *Id.*[2]

It appears to me that the majority takes umbrage with the trial court's statement that it was "not really concerned with what the standard is in Michigan and what other judges do." I do not read that statement as uncharitably as the majority does—considering that it was followed immediately by the statement "I look at each case individually." It appears to me that the trial court was simply stating that its reasons for imposing a consecutive sentence were based on the facts of the case, not whether it was usual or standard for a consecutive sentence to be imposed in similar cases in Michigan. This sounds to me like the trial court recognized the very need for "particularized reasons" that the majority faults it for not providing. *Baskerville*, 333 Mich App at 290.

We have never required trial courts to say certain "magic words" in articulating the rationale underlying their sentencing decisions; nor have we stated that a reason for the imposition of an out-of-guidelines sentence cannot also support a consecutive sentence. Yet in this case, despite multiple remands, the majority opinion still finds the trial court's articulation of the reasons underlying it sentencing decision to be inadequate to even review, instead sending the case back yet again with a vague admonishment that the trial court "lost sight of its proper role in sentencing defendant." The majority opinion takes a significant step towards casting this Court as a sort of tight-lipped gatekeeper that will repeatedly reject trial courts' attempts to comply with its edicts without ever explaining what is required for passage through the gates. For these reasons, I would find that the sentences imposed by the trial court were supported by sufficient reasoning to aid appellate review. *Dixon-Bey*, 321 Mich App at 525. I would further conclude that those sentences were reasonable. *Lockridge*, 498 Mich at 392; *Steanhouse*, 500 Mich at 459-460. I would also hold that the trial court did not abuse its discretion by imposing a consecutive sentence. *Baskerville*, 333 Mich App at 290. I would therefore affirm the trial court's sentences. For these reasons, I respectfully dissent.

/s/ Mark T. Boonstra

---

[2] Notably, the trial court had previously ordered that the sentences for defendant's home invasion, conspiracy to commit home invasion, and armed robbery convictions were to be served "consecutive with each other." We remanded so that the trial court could fully articulate its rationale for *each* consecutive sentence imposed. On remand, the trial court eliminated some of the previously-ordered consecutive sentencing, ordered that the sentence for conspiracy to commit home invasion be made concurrent to that for the armed robbery conviction, and imposed a consecutive sentence only for the home invasion conviction.